**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

RODERICK L. ERICKSON,

    Plaintiff,

v.                                                                         CASE NO. 2:09-CV-509-FtM-36SPC

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

**ORDER**

    **THIS CAUSE** came on for consideration upon the Report and Recommendation entered by Magistrate Judge Sheri P. Chappell on June 23, 2010 (Dkt. 20). Judge Chappell recommends affirming the decision of the Commissioner of Social Security, thereby denying Plaintiff's request for disability benefits (Dkt. 20, p. 26). Plaintiff filed objections to the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 6.02 of the Middle District of Florida on July 7, 2010 (Dkt. 21). Defendant filed a response to Plaintiff's objections on July 14, 2010 (Dkt. 22).

**I.    PROCEDURAL HISTORY**

    The Court adopts the procedural history outlined in the Report and Recommendation (Dkt. 20, p. 2), but expands herein on key points. Plaintiff's application for disability benefits was denied in April 2006. Plaintiff then requested and appeared for a hearing before the Administrative Law Judge ("ALJ") in February 2009. After the ALJ issued an unfavorable decision the following month, Plaintiff filed a request for review of the hearing decision and submitted a supporting brief to the Appeals Council on May 5, 2009. In his brief to the Appeals Council, Plaintiff states that "the ALJ

erred by failing to accord proper deference to the opinions of Dr. [Michele] Candelore," Plaintiff's treating physician (Tr. 9). Plaintiff directs the Appeals Council's attention to a letter prepared by Dr. Candelore that was prepared on March 11, 2009 following the hearing before the ALJ. *Id*. Plaintiff further states that "the ALJ's opinion is not based on substantial evidence, especially in light of the fact that Dr. Candelore's assessments (which should be accorded controlling weight as discussed above) unequivocally indicate that the claimant is credible . . . ." (Tr. 11). Upon review of Plaintiff's arguments presented in the brief, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 2-3).

## II.     PLAINTIFF'S OBJECTION - NEW EVIDENCE

Plaintiff makes three objections to the Report and Recommendation. First, Plaintiff argues that the Magistrate Judge (and the ALJ) failed to properly evaluate the medical opinions, specifically Dr. Candelore's opinion as the treating physician (Dkt. 21, pp. 2-9). Second, Plaintiff contends that the ALJ was responsible for evaluating Plaintiff's pain and credibility (Dkt. 21, pp. 9-10). Third, Plaintiff states that the Magistrate Judge failed to discuss new evidence submitted to the Appeals Council in the Report and Recommendation (Dkt. 21, pp. 10-11). In response, Defendant contends that the first two objections raised by Plaintiff are the same arguments made in Plaintiff's original brief. The Court agrees and accepts the Magistrate Judge's findings and recommendation as to these arguments. Plaintiff's arguments are not persuasive. Defendant further contends that the Magistrate Judge did not discuss the "new evidence" because: 1) Plaintiff did not assert this argument as an alleged error in his original brief to the Court (Dkt. 15, pp. 12-13); and 2) the letter that Plaintiff refers to as "new evidence" only reiterates Dr. Candelore's previous opinion, which the ALJ did not consider as controlling evidence for several reasons (Dkt. 22, pp. 2-4). The Court will analyze Plaintiff's third objection in more detail.

**III. STANDARD**

"With few exceptions, the claimant is allowed to present new evidence at each stage of this administrative process." *Ingram v. Comm'r of Soc. Security*, 496 F.3d 1253, 1261 (11th Cir. 2007)(citing 20 C.F.R. § 404.970(b)). "The Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if 'the administrative law judge's actions, findings, or conclusion is contrary to the weight of the evidence currently of the record.'" *Id*. (quoting 20 C.F.R. § 404.970(b)). "[W]hen a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Id*. at 1262. If a district court does not determine whether the Appeals Council correctly decided that the ALJ's findings or conclusions were not contrary to the weight of the evidence in the record, the Eleventh Circuit will remand the matter back to the district court to make this determination. *Id*. at 1266-67 ("Because we conclude that the district court erred by not reviewing the decision of the Appeals Council in the light of Dr. Wilson's psychological report, we reverse and remand for the district court to undertake that review in the first instance."). Therefore, this Court will consider the new evidence submitted to the Appeals Council that was not submitted to the ALJ and determine whether the new evidence renders the ALJ's decision erroneous. *See Burgin v. Comm'r of Soc. Security*, No. 6:09-cv-1233-Orl-DAB, 2010 U.S. Dist. LEXIS 61472, at *13 (M.D. Fla. June 21, 2010)("When a plaintiff submits additional evidence to the Appeals Council and the Appeals Council denies review, the court must determine whether the Commissioner's decision is supported by the substantial evidence of the record as a whole."); *Deal v. Comm'r of Soc. Security*, No. 8:08-cv-1651-T-DAB, 2009 U.S. Dist. LEXIS 81679, at *20-27 (M.D. Fla. Sept. 9, 2009)(remanding the matter to the ALJ to consider the new evidence the plaintiff submitted to the

Appeals Council that was not initially considered by the ALJ);[1] *see also Chiress v. Comm'r of Soc. Security,* No. 6:09-cv-883-Orl-31DAB, 2010 U.S. Dist. LEXIS 63961, at * 11-12 (M.D. Fla. June 7, 2010)(remanding the case for the Appeals Council to consider the plaintiff's newly submitted evidence); *Galino v. Comm'r of Soc. Security*, No. 6:08-cv-182-Orl-GJK, 2009 U.S. Dist. LEXIS 27157, at *47-48 (M.D. Fla. Mar. 30, 2009)(holding that the Appeals Council considered the plaintiff's new evidence but found that the evidence did not provide a basis for changing the ALJ's decision).

**IV. ANALYSIS**

At the outset, the Court finds that the letter from Dr. Candelore, dated March 11, 2009, is not new evidence. The letter merely reiterates and clarifies Dr. Candelore's opinions, which were already a part of the record, considered, and rejected by the ALJ ( Tr. 174-75, 187).

Assuming *arguendo* that the letter was new evidence, here, the ALJ found that Dr. Candelore's opinion, as the treating physician, did not warrant controlling weight for several articulated reasons, including the determination that Dr. Candelore's opinion was not consistent with

---

[1] The Court notes that some opinions have held that the court does not need to consider new evidence submitted to the Appeals Council that was not considered by the ALJ. In those instances, the plaintiff only challenges the denial of the benefits by the ALJ and not the denial of review of the ALJ's decision by the Appeals Council. *See Tenney v. Astrue*, No. 6:07-cv-855-Orl-DAB, 2008 U.S. Dist. LEXIS 62905, at *11 (M.D. Fla. Aug. 18, 2008)("[T]he court must review whether the decision to deny benefits is supported by substantial evidence in the record *as a whole*, including evidence submitted to the Appeals Council, if the plaintiff challenges the Appeals Council's decision to deny review despite receipt of the post-ALJ information.")(italics in original)(underline added); *Hummel v. Astrue*, No. 8:06-CV-725-T-EAJ, at *18-19 (M.D. Fla. Aug. 30, 2007)("To the extent Plaintiff is challenging the ALJ's decision to deny benefits, but not the Appeals Council's decision to deny review of the ALJ's decision, the court need not consider Dr. DeGeronimo's November 2005 opinion (submitted to the Appeals Council but not the ALJ)."). Although it is not readily apparent whether Plaintiff is challenging the ALJ's denial of benefits *and* the Appeal Council's denial of Plaintiff's request to review the ALJ's decision (*see* Dkt. 15, pp. 23-24), the Court considers the new evidence as part of the entire record.

the medical record as a whole and that the opinion was conclusory because Dr. Candelore failed to provide adequate explanation of its basis (Tr. 23). Although Dr. Candelore did provide a more detailed outline of the basis of her opinion in the letter of March 11, 2009, this evidence does not negate or challenge the fact that her opinion, according to the ALJ, was not consistent with the medical record as a whole. Therefore, the Court finds that the new evidence submitted to the Appeals Council does not provide grounds for remanding the case or reversing the ALJ's decision. Further, the Appeals Council considered this new evidence and made the determination that there was no reason to review the ALJ's decision (Tr. 2). The new evidence did not provide a basis for changing the ALJ's decision. Consequently, the Court holds that the ALJ's decision to deny Plaintiff's request for benefits should be affirmed. Plaintiff's objection to the Report and Recommendation based on new evidence is without merit.

Having considered Plaintiff's Complaint (Dkt. 1), Defendant's Answer to the Complaint (Dkt. 12), Plaintiff's Memorandum in Opposition to the Commissioner's decision (Dkt. 15), Defendant's Memorandum in Support of the Commissioner's decision (Dkt. 18), the Report and Recommendation, Plaintiff's Objections, and Defendant's Response, and undertaking a *de novo* review of the record, the Court finds that the Report and Recommendation should be confirmed with the inclusion of the Court's analysis of the new evidence submitted to the Appeals Council.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation (Dkt. 20) is **ADOPTED, CONFIRMED,** and **APPROVED** and is made a part of this order for all purposes.
2. The decision of the Commissioner is **AFFIRMED**.
3. The Clerk is directed to enter judgment accordingly and to close the file.

**DONE AND ORDERED** at Ft. Myers, Florida, on August 27, 2010.

                                                Charlene Edwards Honeywell
                                                United States District Judge

COPIES TO:
MAGISTRATE JUDGE SHERI P. CHAPPELL
COUNSEL OF RECORD